The next case for argument is 14-3083, Bernard v. Agriculture. Bernard v. Agriculture Whenever you're ready, Mr. Cunningham. Good morning, Your Honor. Court, please. I represent Mr. Bernard, and we'd like to discuss this morning the issues that we think the court erred in and the relief he's requesting, and then some of the major problems that we've encountered. Basically, we're claiming two errors on the part of the court below, the board, excuse me. One relates to the bad faith argument. It was dismissed by both the administrative judge and the board, saying that the allegations that Mr. Bernard raised were mere, just mere allegations with no proof. And we think the board erred in that area, in the ruling. And the second area is the issue of the discovery in the case below. The board held that Mr. Bernard had the right to discovery in an enforcement case when the board's precedents, since at least 1995, have been that you do not have the right for discovery or hearing in an enforcement case. Can you clarify what relief you're asking for? Excuse me, sir. What are you asking for from the board? Are there still missing credentials on the red card? No. Is there retrospective money from missed firefighting opportunities, or what? The relief requested by Bernard is, first off, he did not claim money. He lost money on it, and it was presented that he lost about $12,000. He was not claiming that. The relief we're requesting is a vacate the board order, remand, and a hearing and discovery related to the manner in which they treated him. Right. I understand what you're asking us to do. The question that I'm trying to ask is, what are you asking the board ultimately to do in this petition for enforcement? Basically, the attorney fees he lost in the process from the enforcement action, which is authorized. Basically, that's going to be... Even if there's no relief in the petition itself, attorney's fees for prosecuting a claim that results in no relief? Well, he had relief in the prosecution of the claim, because once we filed it, a superior did come in, overturn basically what happened, and give him back his credentials. He did not get them all back. He has a retaliation claim in there. The relief and retaliation claim would provide damages under that claim. So, yes and no. You're looking at two cases here, basically. If you notice in the briefs and all, we've discussed retaliation and bad faith. Retaliation is the major claim, because everything in this case, Your Honor, occurred six to eight months after the whole settlement process was over. But I'm not understanding, you're not seeking punitive damages. I mean, so what are the damages you're seeking for retaliation?  So, what kind of damages? He's seeking damages based on... The typical thing of what they've done to him, and what they've done to his reputation, the pain he's gone through throughout the entire process. This was quite a traumatic thing, because when it occurred, he was the only person that was singled out like this. And we're looking at someone taking his entire life's history and destroying it. And no one has been accountable. And he really feels that he was wrong, and that... I notice that this may seem kind of technical. Damages other than back pay from the board? Yes, the board is authorized to give compensatory damages if there's a retaliation claim, yes, sir. Okay. Do you happen to have a citation for that? If you don't, I can find it. I probably got it somewhere here. Mr. Cunningham, I understood your appeal to be principally on the ground that he didn't get what was promised to him. Namely, his job back, the opportunity to have other positions. And you're saying in your brief that he didn't get the red card soon enough. What he did not get is, well, the red card is his job, number one. That's the easiest way to look at that. And he did get it back, but it was a little delayed because the records were lost, right? Well, when the records were destroyed, they weren't lost. But he did get a red card. He got a partial red card. He did not get it all back. And he was prohibited from performing his duties. When they denied the red card, they denied it based on four of his ratings out of 11. He still had a bunch of them, but they refused to let him participate, even though he had active ratings that they did not challenge. The letter of March 12th, April 12th. I don't see you arguing that or pressing that argument in your blue brief, that sort of an interim period. You're saying for an interim period before they restored him, there was a time in which even though he was eligible for seven positions, they didn't give him the position? Yes. Is that what you're saying? He was eligible for them. He had them. He was qualified, and they did not renew them. And he had all the qualifications for the renewal. They only held back four of the main, what they call his textbook thing. They held back four of those. He still had others he qualified for. Can I, going back to the retaliation point, I guess I'm not clear where that's coming from. This is a petition for enforcement of the settlement agreement, right? Yes. And the settlement agreement itself talks about good faith or whatever, full compliance. So you're pressing a claim beyond that? Yes. Well, it's Kuykendall, I believe, is the case. Kuykendall. And it allows separate damages for retaliation claims if they come up through as a result of the process in an enforcement case. In other words, it is a separate claim, and it's a proper claim before the board. I believe it's Kuykendall. So your argument with respect to retaliation is they were retaliating against him for having filed his initial claim? Yes. Is that what the retaliation was about? Right. The retaliation is, if you have a typical enforcement case, let me put it this way probably, it might help. A typical enforcement case that doesn't involve discovery, the dates are set pretty much. In other words, you settle an agreement, you make a settlement agreement, and you agree to give the man back pay within 30 days. You restore him to his position within 45 days. And there's all these deadlines. And most of these cases come up when it's due to workload or something on the board or the employer. They can't meet one of those deadlines, and you have an enforcement case. All right? This is not the type of case that is. This is a case that everything was settled, everything was taken care of. But eight months later, they started an action against him separate of the settlement agreement, even though it has a bad faith provision in it. Then they started retaliating against him by losing his file and not letting him go to work in his job. And that is a separate and distinct claim, Your Honor. I think I'm just pursuing the same subject. Let's assume that you were improperly denied discovery. Let's assume you go and get the discovery and have a deposition of Ms. Durham and maybe some others. And let's assume that you prove that the actions that they took in 2012 were in bad faith and therefore in violation of the obligation to cooperate and act in good faith under the settlement agreement. Now, what relief would you get having achieved all of that? Under the board, you're allowed to get the attorney fees and you're allowed to get compensatory damages and any other damages that you incur. So he could, in fact, possibly get that $12,000 also. And that's a little gray in the law right now. It's because the case is allowing this. I believe Kit Kirkendall was the first one, or Kuykendall. Is it Kirkendall or Kuykendall? Kuykendall. In that case, you have a separate clause of action for compensatory damages. And I do these discrimination cases all the time. And some of the discrimination cases have nothing but some type of pain and suffering like this. And there's the damages. It's primarily separate and distinct. And you can have it without any other damages. Okay. And just to close, my impression, correct me if I'm wrong, is that at least as of September 2012, the red card still had four blank slots that had been part of his 2010 red card. Does it remain true that he's still not certified for task force leader, dozer boss, strike team leader, and firefighter type two? That's my list. No, he has most of those back now because he was working for these people for four years, five years. This rating thing comes up every year. In 2001 or 2002, it was disclosed when he transferred from one region to another, not involving the title force. His entire file was lost. So they had to reconstruct 20 years worth. And all of those books were gone that they're claiming, talking about. For 20 years, they had to reconstruct from 2001 back to 1990s. So he had basically a brand new file just certified for that whole period. So when he got to the Tonto National Forest, they knew that those records weren't there because they'd been lost in a previous region. So they only had about three years of records that applied to when he arrived there. In those three years, these people were the ones that were signing him. They knew he was going out. They could walk in and say, oh, you're a stranger. We don't know you. We want to see your credentials. They're signing him the positions. So the loss of the file was tremendous, obviously. But the act of the way they did it, when it was a certified file, there weren't hardly any documents there. There was three years worth of documents, possibly. But 17 years worth of certifications that they wouldn't give credit to. We're into rebuttal time, so you want to save that, and we'll hear from the government. Thank you. Mr. Sullivan. Good morning. May it please the Court. This Court should affirm that MSB's decision, it was in accordance with law, and its factual findings were supported by substantial evidence. I'd like to first turn to Mr. Bernard to breach a settlement agreement claim with respect to paragraph 1F, which I understood to be— Can you just briefly kind of clarify this retaliation claim stuff, which I think, at least in my mind, created a little bit of confusion? Sure, it is confusion, and I think it's a new issue that was not briefed before the Court, whether Mr. Bernard is entitled to compensatory damages for a separate retaliation claim. I would note that before the administrative judge, Mr. Bernard sought in his petition for enforcement, and his reply in support of his petition for enforcement was enforcement of the settlement agreement and attorney's fees. Mr. Bernard did not seek compensatory damages for a separate retaliation claim. Mr. Bernard had two options before the MSBB. He could either seek enforcement of the settlement agreement, or he could seek to rescind the settlement agreement and reinstate the original removal appeal. And he didn't do the latter. He didn't do the latter. He only sought enforcement of the settlement agreement, and he did that consistently before the MSBB and before this Court. The relief he has sought is remand to participate in discovery. Can I just ask you, did you argue in your red brief that even if he could establish a breach of the settlement agreement, that he has not sought any relief that he could get as a result of that finding, and therefore the question of breach and the subsidiary question of discovery are essentially moot? I don't know if we phrased it exactly that way. Even close? We addressed the $12,000. There's a reference below to the MSBB that Mr. Bernard had lost $12,000, and we pointed out in our brief that even if that were true, that Mr. Bernard had lost $12,000 as the result of a breach, the relief that Mr. Bernard would be entitled to would not be that $12,000. But the board didn't say anything about that, and there's at least some law that might be relevant to our pair of Larry cases. Talk about the board's ability to award money essentially under the Back Pay Act when there's been something improper. Sure. Yes, Your Honor. And the board did not address that. I think that's because Mr. Bernard did not seek that as the relief below. Well, the board wouldn't have had to get to that, I guess. Are there any red card gaps that still need – that haven't been filled that relief here might result in filling? I don't think relief here – I believe that presently, today – Here, yes. Mr. Bernard's counsel indicated that most of the remaining four positions that weren't certified in 2012, in May of 2012, have since been certified. I believe – I don't know if the record reflects this, but I believe there's at least one – if not a couple of positions that are still no longer certified because the qualification records have not been able to be reconstructed. Can I ask you then about the discovery issue, which does trouble me? You don't deny that he had a right to discovery in this proceeding. No, I think the MSPB's cases are clear that there's no regulatory right or entitlement. But the board didn't say his request for discovery could properly be ignored because in an enforcement proceeding, you just don't have a right to discovery. No, the full board said that Mr. Bernard could have engaged in discovery. He didn't need to express approval to begin the discovery process, whether it be informal discovery or formal discovery. Right, so this is my understanding of the lay of the land, and I'd like you to correct me. There's no regulation that specifically applies to discovery in the enforcement proceeding. It seemed to me that the best you had was that the acknowledgment order in the enforcement proceeding said, see the acknowledgment order in the initial appeal that was settled. And at the beginning of that first acknowledgment order, it says here's the right to discovery. The problem I have with that is that the timing rules in the first acknowledgment order as to discovery just absolutely don't fit the timing rules in the second acknowledgment order, because you wouldn't even get a response within the due date of his response. So it seems to me that's just a mismatch. I understand your question. In which case what we have is two requests by him to the administrative judge, please give me discovery, and the administrative judge doesn't even rule on them. Well, two responses, your honor, and I understand your question. The first is Mr. Bernard did not – if Mr. Bernard had any questions about the acknowledgment order, the second acknowledgment order, that acknowledgment order expressly told the parties to please contact the administrative judge with any questions. He never did that. The second response that I'd offer is Mr. Bernard – And making the request formally in two filings isn't enough? I don't think Mr. Bernard made a formal discovery request that were clear and unambiguous so that the administrative judge would know what Mr. Bernard was requesting. In the conclusion of his petition for enforcement, Mr. Bernard requested in addition to enforcement of the settlement agreement that the administrative judge consider authorizing limited discovery to resolve any major factual disputes that arise in consideration of the report. What's unclear about that? Mr. Bernard's request is that there are any major factual disputes that arise in the administrative judge's consideration of the retaliation claims that discovery be permitted. But the Forest Service provided evidence in response to the petition for enforcement as it was required to, credible, relevant material evidence showing that the Forest Service had already complied with the settlement agreement. There were internal emails and there were letters from Mr. Bernard's supervisors showing them attempting to reconstruct Mr. Bernard's – I mean, that's the usual kind of – that's the defendant's case. And in adversarial proceedings, the other side gets to put the individuals under oath and say, now let me ask you exactly, Ms. Durham, about why it was that even in 2010 you accepted all these certifications and now, just for lack of documentation, your previous certification, acceptance of certification of all of these things in 2010 is not enough. Explain that, and maybe the answer will be such that the facts look different after the deposition than they do before. The reason it would not be an abuse of discretion to deny discovery in this case is because the evidence that existed shows good faith, and it confirms the presumption of good faith. All Mr. Bernard was able to do was offer just mere speculation based on two innocent facts, that is that his records were lost and that his records were examined in 2012. It's a little hard to do more than speculate when you don't get to ask questions of the decision makers about why they made certain decisions, whether they are – and this is a substantially subjective determination, right, under the settlement agreement provision about good faith. But here the evidence that was required to be submitted went to the good faith or went to the bad faith of the Forest Service officials, and Mr. Bernard can't point to anything in the record of the evidence that was required to be submitted that would lend any support to his argument that there was retaliation for – Are you making a harmless error claim because you just asked us that there was no abuse of discretion, but in order to evaluate abuse of discretion you have to have an analysis of what you're doing and why, and there was no analysis here, right? The administrative judge did not spell out what he was doing with respect to discovery in his decision in the full board – So how are we supposed to evaluate whether or not he's used his discretion? We don't know the basis. I mean, you can make an argument here as to why he was correct to ignore or reject the discovery request, but there's nothing in the record to indicate that, right? Well, the full board's decision indicating that Mr. Bernard did not actually need the administrative judge's permission to engage in discovery is the extent of the analysis on discovery. Can I move you to a more global or generic issue on discovery? What does the board do? I mean, is this standard that the board, in terms of FTPFD adjudication, refers you to the regulations on the other cases? Is that their policy? Because obviously you know, based on the briefs, there are cases in which a board has applied a different rule with respect to petitions for enforcement and discovery, right? The rules of the different MSPB cases indicate that there is no entitlement to discovery, and it's a discretionary issue within the administrative judge's discretion. That's not necessarily inconsistent with the MSPB's decision here, citing another MSPB decision, indicating that you don't need the express permission of an administrative judge to begin engaging. Yeah, but as Judge Toronto pointed out, and you agreed, that the timeframe, they point in the direction of regulations whose timeframe for getting discovery would never fit within this regime. I think that's a fair point, and to the extent Mr. Bernard needed any clarification, he should have sought clarification from the administrative judge. He was very capable of serving- Well, why didn't he, in good faith and correctly, look at board opinions, which have said to do what he did, which is go to the administrative law judge and try to seek him? But Mr. Bernard did not file a motion to engage in discovery. He could have filed his petition for enforcement and then filed a motion to engage in discovery if there was any doubt in his mind that he could serve informal or formal discovery requests on the Forest Service. And that's not what happened in this case. There were a number of things that he could have done below. He could have, after the acknowledgement order in the petition for enforcement was issued, he could have served discovery on the Forest Service. If the Forest Service thought that discovery was unnecessary or improper, it would have been elevated to the administrative judge. But what about the time frame here, that the discovery time frame wouldn't have fit with when the record was going to be closed in this case, right? I think that's right. So what is the board doing, directing people to a discovery regime and time frames which don't fit into the case before them? I think in this case the time frame could have been clearer, and it would have been incumbent on whichever... It was clear. It was clear that it doesn't fit. What do you mean it could have been clearer? They pointed it to the regulations. That time frame doesn't... They didn't have... Did they intend something else, do you think? No, I don't think they intended something else than what they put in the opinion. It would have been incumbent on Mr. Bernard, though. To the extent that it was unclear to him... Isn't that a form thing that they just do automatically, every AJ just gets put into the acknowledgment letters? The referral back to the original? Yes. I don't know for a fact. I suspect that there's similar language in other acknowledgment orders, but I don't know whether it's a form thing. I apologize, Your Honor. But Mr. Bernard could have sought clarification from the administrative judge. Now, he sat on this issue and is bringing it to this court, seeking remand so he can engage in discovery, that he could have engaged in below the administrative judge, or he could have sought clarification from the administrative judge, but he didn't do that. And I'll briefly turn to what I assume was Mr. Bernard's primary issue on appeal, and that is whether Mr. Bernard was treated differently from any other force, firefighters. In paragraph 1F of the settlement agreement, it contains clear language that indicates Mr. Bernard would not be restricted from applying for supervisory positions, or from going on firefighting assignments, or from working on his position taskbook. In sum, that paragraph 1F provides that Mr. Bernard would be treated like any other firefighter, and that means he would be subject to the same policies governing other firefighters. And as this court is aware, the Forest Service has a policy that there must be an annual red card or instant qualification card issued, and that's what happened when Mr. Bernard was transferred to a new ranger district within Tonto. And it was discovered at the time that qualification records were missing. The full board in this decision noted that it's possible that there was closer scrutiny to the qualification records, with different supervisors looking at them, but the procedures that were followed when Mr. Bernard was transferred to a new location are procedures that are set out in the guides and manuals of the Forest Service. Yeah, but that's not enough, right? I mean, there's practice and there's policy. So the question here has to do with the practice, not necessarily just the policy, right? I think that's right, Your Honor. And there's a declaration in the evidence from Ms. Graham, a Forest Service official, indicating what the practices are. And one of the practices is when an employee comes from a new duty location is to examine the physical qualification records. There's also spot checking for the integrity of records. And she notes a couple other individuals around this time frame whose records were examined as well. Is there no further questions? For the reasons discussed today and in our brief, the Court should affirm the decision of MSPB. I have a problem with this discovery as to what Mr. Bernard should have done. When you go to and put in to the judge that I need discovery for this, this, this, and this to properly present my case to you for retaliation and bad faith. I don't know what else I'm supposed to do under these procedures that have been before the Board a long time. This 183, Section 183, that makes it strictly up to the judge as to whether or not you get this type of discovery, you put it in your initial petition for enforcement. It was right in the first day in front of the judge. And to say that Bernard should have done this, this, this, and this, should have made a motion, that's wrong. Putting it in the pleading is the same as a motion. It's a motion merely to put it before a judge, and that's what he did. And he did it in the first day. And this reliance on the Larry King order, which the Board relied on, and it broke its precedent in this particular decision, the major paragraph quoted by the Board is 10. Paragraph 9, ironically, acknowledges that they don't have discovery automatically. That is discretionary. Paragraph 9 is correctly stating the regulation, and it is in 183, the regulation. So the King case correctly cites the discovery process in paragraph 9, and then it faults the attorney in 10. And the reason it faulted the attorney, if you read this, the attorney failed to file a motion to compel, which indicates that in the King case, the judge had already authorized discovery. And the reliance on this case, to me, is totally misplaced, because you wouldn't be faulting somebody for not putting in a motion to compel if you hadn't already authorized discovery. So I believe in the King case, discovery was authorized, and then you have in 2010, the Young versus the Postal Service, and that reaffirms, again, the 1995 precedent. All discovery in an enforcement case is at the discretion of the judge. There's no automatic. You don't challenge the acknowledgement order. You know what it is. The time frames are there. You don't pick the phone up and say, Judge, what about these time frames? Enforcement orders don't involve due process. The other cases do. That's why they have automatic discovery. The reason they don't have it in enforcement cases is because there's not a lot of due process involved. Unless the facts become disputed to the point that due process might be involved, and that's what you had here. Due process has gotten very involved. Now, to say that and go over this issue of the good faith on the part of the agency, the Graham letter, the Graham letter that took away all his rights, she says, During our review, it was determined that specific documents were missing. Well, how do you have specific documents missing out of an entire file? There was no file. So that was a why. Due to lack of documentation, I requested an audit. There's no sign of an audit anywhere. The two people that did the inspection of the so-called file never, ever put in a statement in this case. We specifically asked to interview those people in the discovery request. You've exceeded your time. Oh, excuse me. Time is up. We thank both counsel and the case.